IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In Re: | ) | |
| --- | --- | --- |
| | ) | |
| ROBERT H. STARR | ) | Case No. 10-40001-TOM-13 |
| | ) | |
| Debtor. | ) | |

**\*\*\*\*\*\*\*\*\*\*NOT INTENDED FOR PUBLICATION\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Robert H. Starr's (hereinafter, "Debtor") Amended Objection to Claim 2 Filed by CR Evergreen, LLC (hereinafter, "Amended Objection")(Doc. No. 42),[1] Debtor's Amended Brief in Support of Objection to Claim (hereinafter, "Debtor's Amended Brief")(Doc. No. 44), Debtor's Motion to Strike the Affidavit of Debra L. Pellicciaro (hereinafter, "Motion to Strike")(Doc. No. 63), CR Evergreen LLC's (hereinafter, "CR Evergreen") Response to Debtor's Objection to Claim Number Two (2) (hereinafter, "CR Evergreen's Response")(Doc. No. 37), CR Evergreen's Supplemental Response to Debtor's Objection to Claim Number Two (2) (hereinafter, "CR Evergreen's Supplemental Response")(Doc. No. 52), and CR Evergreen's Response To Debtor's Motion To Strike The Affidavit Of Debra L. Pellicciaro (hereinafter, "CR Evergreen's Response To Debtor's Motion To Strike")(Doc. No. 68). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the District Court's General Order of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in

---

[1]References to pleadings in this bankruptcy case are cited as "Doc. No."

[2]The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

28 U.S.C. § 157(b)(2)(A). On May 6, 2010, the Court held a hearing on Debtor's Amended Objection and CR Evergreen's Response and Supplemental Response. During this hearing, the parties agreed to submit a joint Statement of Facts (Doc. No. 60) for this Court to consider. On August 9, 20101, the Court held a hearing on Debtor's Motion To Strike and CR Evergreen's Response To Debtor's Motion To Strike. This Court has considered the pleadings and the law and finds and concludes as follows.[3]

## FINDINGS OF FACT[4][5]

The following findings of fact are derived primarily from the joint Statement of Facts submitted by Debtor and CR Evergreen. On June 24, 1998, Debtor opened an unsecured consumer credit card account with Bank of America corresponding to an account number ending in 5769. This account number was subsequently changed to an account number ending in 5603. On September 8, 2009, Bank of America charged off a balance of $15,772.19 on the account ending in 5603. Upon Bank of America's charge-off of this account, Debtor's account number was changed to an account number ending in 2895. Debtor filed for bankruptcy relief under

---

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this contested by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).

[4]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5]On June 14, 2010, Robert C. Keller, counsel for the Debtor, and Barry A. Friedman, counsel for CR Evergreen, filed a joint Statement of Facts (Doc. No. 60) with the Court that outlines the facts upon which Debtor and CR Evergreen agree. The Court will provide these facts where appropriate.

chapter 13 on January 1, 2010. On Debtor's Schedule F- Creditors Holding Unsecured Nonpriority Claims (Schedule F), Debtor listed a disputed debt[6] owed to Bank of America in the amount of $15,753.15, corresponding to an account number ending in 5603.

In February 2010, CR Evergreen purchased Debtor's account ending in 2895 and the corresponding balance from FIA Card Services in a "bulk purchase." On March 2, 2010, CR Evergreen filed a proof of claim (Claim 2) corresponding to Debtor's account number ending in 5603[7] in the amount of $15,772.19. Steven G. Kane, an employee of Bline LLC, not CR Evergreen, signed Claim 2 as an authorized agent of CR Evergreen.[8] CR Evergreen did not check the box on Claim 2 to indicate that Claim 2 includes interest or other charges in addition to the principal amount of the debt. CR Evergreen asserts that it did not check this box because the balance of Claim 2 is all principal pursuant to the terms of the credit card agreement.

Debtor first objected to CR Evergreen's Claim 2 on March 3, 2010. In this objection, Debtor objected to CR Evergreen's Claim 2 on the following grounds: 1) CR Evergreen failed "to attached documents pursuant to Rule 3001(c) of the Federal Rules of Bankruptcy Procedure;"

---

[6]Though Debtor indicated that this debt is disputed on his Schedule F, Debtor admits in his Amended Brief that he owes the debt listed as a debt owing to Bank of America. (Doc. No. 44, at 6, 9) The Court is not sure why this debt was listed as a disputed debt.

[7]In response to Part 3 on CR Evergreen's Claim 2 - "Last four digits of any number by which creditor identifies debtor" -, CR Evergreen provided the numbers 2895. CR Evergreen did, however, note under the "Account Information" section it attached to its various proofs of claim that Debtor may have scheduled his credit card account balance under an account number ending in 5603.

[8]In fact, CR Evergreen's March 2, 2010 Claim 2 was signed by Edward J. Barton, also an employee of Bline LLC, as an authorized agent for CR Evergreen. *See* Claim 2-1. The Court notes that CR Evergreen's first amended proof of claim dated March 18, 2010 was also signed by Edward J. Barton on behalf of CR Evergreen. Steven G. Kane signed the second and third amended proofs of claim dated April 2, 2010, and May 17, 2010, respectively.

2) CR Evergreen failed "to attach an enforceable agreement between the debtor and creditor;" 3) CR Evergreen failed "to attach proof of assignment or proof of purchase of Debtor's account;" and 4) CR Evergreen's "failure to satisfy 11 U.S.C. § 502(b)(1), among other objections."[9] According to Debtor, CR Evergreen's Claim 2 is not *prima facie* valid due to these deficiencies; therefore, CR Evergreen's Claim 2 is due to be disallowed. CR Evergreen filed an amended proof of claim on March 18, 2010. Attached to this amended proof of claim is an exhibit entitled "Bill of Sale and Assignment of Loans and Waiver of Notice of Transfer of Claims" (hereinafter, "Bill of Sale") signed by Debra L. Pellicciaro as Assistant Vice President of FIA Card Services, N.A.[10] The Bill of Sale, which is dated February 25, 2010, does not specifically provide that Debtor's account was sold to CR Evergreen; instead, the Bill of Sale references certain loans in a "Loan Schedule" that were assigned by FIA Card Services, N.A. and Bank of America, N.A. to CR Evergreen, LLC. Debtor maintains that this "Loan Schedule" "would have identified the loans which had been purchased" by CR Evergreen, but CR Evergreen did not provide this "Loan Schedule." (Doc. No. 60 ¶ 8) CR Evergreen asserts that it has not provided the entire "Loan Schedule" because it includes "account/personal data on thousands of other debts not relevant to this matter." (Doc. No. 68, 11) However, it has provided Debtor's account information from the "Loan Schedule" under the "Account Information" section of the proof of claim summary it attached to each proof of claim. Under this section, CR Evergreen has provided Debtor's name, the last four digits of Debtor's social security number, the last four digits of the account number -

---

[9] Debtor also objected to CR Evergreen's Claim 2 on the basis that the amount of the credit card claim listed on CR Evergreen's proof of claim exceeded the amount Debtor had listed for this debt on his Schedule F.

[10] CR Evergreen's Exhibit C is written on Bank of America letterhead and signed by Debra L. Pellicciaro as Assistant Vice President of FIA Card Services (Doc. No. 37, Ex. C.)

"2895" -, the creditor's name - "CR Evergreen, LLC" -, the "Related Account Number" ending in "5603," the "Assignor" - "FIA Card Services NA aka Bank of America" - the "Open Date" of "6/24/1998," the "Charge Off Date" of "9/8/2009," the "Balance as of Filing" - "$15,772.19" -, and the "Basis for Claim" - "Credit Card." Debtor responded to this amendment by noting that CR Evergreen has not provided any evidence which would support CR Evergreen's position with respect to the information in the "Account Information" section attached to its Claim 2.

On April 2, 2010, CR Evergreen filed a second amended proof of claim. Attached to this amended proof of claim is a copy of Debtor's BankAmericard, a copy of a "Pre-Approved Acceptance Certificate" signed by Debtor on June 12, 1998, and an "Optional Balance Transfer Form" with Debtor's previous credit card account information. In his Amended Objection To Claim 2 dated April 2, 2010, Debtor objected to CR Evergreen's amended proof of claim on the following grounds: 1) CR Evergreen has provided "no evidence showing the relationship by and between FIA Card Services and Bank of America;"[11] 2) "CR Evergreen [is] not the owner of the account;" 3) "no proper chain of title has been shown;" 4) "the claim was signed by someone who did not work for CR Evergreen;" and 5) "CR Evergreen did not purchase a license in the State of Alabama." (Doc. No. 60 ¶ 9)

On May 17, 2010, CR Evergreen amended its claim a third time to include an affidavit of sale from Bank of America (hereinafter, "Affidavit") signed by Debra L. Pellicciaro, Debtor's Bank of America credit card application with Debtor's signature, and copies of monthly statements (with the account balance, finance charges, interest charges and other fees) dating from December 2008 to September 2009 that were mailed to Debtor's home address. The

---

[11] In response to Question 3a. on Official Form 10 - "Debtor may have scheduled account as:" - CR Evergreen provided the following: "FIA CARD SERVICES NA AKA BANK OF AMERICA"

Case 10-40001-TOM13    Doc 74    Filed 02/07/11    Entered 02/07/11 09:50:47    Desc Main
Document    Page 5 of 10

September 2009 account statement provides that Bank of America charged of $15,772.19. The parties stipulate that the Affidavit "clearly identifies the three different account numbers, the balance at the time of sale, and that [CR] Evergreen is the owner of Debtor's account." (Doc. No. 60 ¶ 11) Debtor filed a Motion To Strike The Affidavit of Debra L. Pellicciaro on June 23, 2010. Debtor argues that the Affidavit of Debra L. Pellicciaro is insufficient to establish that CR Evergreen owns Debtor's account because "it fails, <u>in all respects</u>, to meet the standard for such affidavits established by the Eleventh Circuit Court of Appeals." (Doc. No. 63, 1) CR Evergreen filed its Response To Debtor's Motion To Strike on July 29, 2008. In this Response, CR Evergreen opposes Debtor's Motion To Strike for the following reasons: "1) [CR Evergreen's] counsel does not believe he was served a copy of the Motion To Strike as he could not find his service copy; 2) Debtor fails to clarify to the Court that the 'Rule' and case law provided in the Motion To Strike specifically applies only to motions for summary judgment in non-bankruptcy cases; 3) none of the cases cited by Debtor involved a bankruptcy matter, proof of claim objection, or Bankruptcy Rule 3001/3006; 4) even bankruptcy case law that requires assignments to be attached to an amended claim do not require an affidavit to be attached; 6) Debtor mischaracterizes the statements made in the Affidavit of Debra L. Pellicciaro . . . ; and 7) the Affidavit corroborates the assignment document since Debra L. Pellicciaro is the same individual who signed the assignment, transferring accounts to Evergreen." (Doc. No. 68, 1)

## CONCLUSIONS OF LAW

A. *Law On Allowance Of Claims*

Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim. 11 U.S.C. § 501(a). A filed proof of claim is deemed allowed unless a party in interest objects to it. 11 U.S.C. § 502(a). Section 502(b) of the Bankruptcy Code provides that "if such objection

to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . except to the extent" that one of the nine exceptions to allowance under Section 502(b) applies. 11 U.S.C. § 502(b). In the event a proof of claim is filed in accordance with the Bankruptcy Rules, it "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). If a party in interest objects to a claim that was filed in accordance with the Bankruptcy Rules, then the objection "must 'contain some substantial factual basis to support its allegation of impropriety'" in order to "'overcome the [creditor's] prima facie case.'" *In re Baggett Bros. Farms Inc.*, 315 Fed. Appx. 840, 843 (11th Cir. 2009)(quoting *Matter of Mobile Steel Co.*, 563 F. 2d 692, 701 (5th Cir. 1977); *Matter of Multiponics, Inc.*, 622 F. 2d 709, 714 (5th Cir. 1980)). "The objecting party has the burden of going forward with evidence supporting the objection. Such evidence must be of probative force equal to that of the allegations contained in the proof of claim." *In re Broadband Wireless Intern. Corp.*, 295 B.R. 140, 145 (10th Cir. B.A.P. 2003)(citing *Abboud v. Abboud*, 232 B.R. 793, 796 (Bankr. N.D. Okla. 1999), *aff'd*, 237 B.R. 777 (10th Cir. B.A.P. 1999)). Should the objecting party satisfy this burden, "the burdn then shift back to the creditor 'to prove the validity of the claim by a preponderance of the evidence.'" *In re Baggett Bros. Farm Inc.*, 315 Fed. Appx. At 343 (quoting Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. rev. 2007)).

**B.**   *Analysis of Debtor's Objection To Claim*

As outlined above, Debtor's counsel has raised numerous technical legal issues regarding CR Evergreen's entitlement to payment on its Claim as amended. In response to these arguments, the Court first notes that Debtor's confirmed chapter 13 plan provides for a "pot" for

unsecured creditors in the amount of $4,724.00.[12]  To fully comply with this confirmed plan, Debtor makes payments to the Trustee in an amount required so that at the end of the case he has fully funded the "pot" of $4,724.00.  Allowance or disallowance of CR Evergreen's Claim 2 does not alter or affect the amount of the "pot" Debtor must pay.  Therefore, there is neither an advantage nor a disadvantage to Debtor in disallowing CR Evergreen's Claim 2.

      While many of the arguments raised are interesting and certainly provide an intellectual challenge, this Court has determined that there is no requirement nor any benefit in spending valuable time addressing each and every technical legal argument raised by Debtor.  This Court cites the following cases for support: *In re Gulley*, 400 B.R. 529 (Bankr. N.D. Tex. 2009); *In re Shank*, 315 B.R. 799 (Bankr. N.D. Ga. 2004).  In *In re Gulley*, the Court held that the holder of an unsecured credit card claim must attach the following documentation to its proof of claim in order for its claim to achieve *prima facie* validity:

> a summary statement attached to the proof of claim including the name and account number of the debtor, the amount of the debt, interest rate, and a breakdown of the interest charges, finance charges, and other fees that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined.

400 B.R. at 540-41.  In the case of *In re Shank*, the Court suggested that the holder of an unsecured credit card claim may overcome an objection to the validity or amount of said claim if its proof of claim includes a summary which provides the following: 1) a summary which provides debtor's name; 2) the credit card account number; 3) the amount due on the credit card account corresponding to this account number; 4) an itemization of interest and/or charges that

---

[12]Essentially, a "pot" plan means that of the funds paid by Debtor to Trustee, Trustee will distribute a total sum equal to the "pot" amount to holders of allowed unsecured claims pro rata.

has accrued on the credit card account; and 5) monthly activity statements. *In re Shank*, 315 B.R. at 809.

In this case, CR Evergreen amended its proof of claim[13] to provide sufficient documentation to support its proof of claim. As noted above, CR Evergreen's Claim 2 was ultimately amended to include 1) an "Account Information" section, which includes, among other things, Debtor's name, the last four digits of his social security number, the last four digits of the credit card account number most recently assigned to Debtor's credit card account by Bank of America, the name of the assignor of the credit card account, and the account balance; and 2) monthly account statements spanning from December 2008 to September 2009 which include an accounting of the interest charges, finance charges, and other fees associated with Debtor's credit card account. Regarding the assignment issue, the Court finds that CR Evergreen was not under any duty to provide evidence of assignment in this case due to the fact that the alleged transfer of Debtor's credit card account occurred prior to the filing of a proof of claim in relation to Debtor's credit card account. This is so because Federal Rule of Bankruptcy Procedure 3001(e)(1), which governs the transfer of a claim which occurs before a proof of claim is filed in relation to said claim, does not require the transferee of such a claim to provide evidence of its ownership of the claim when it files a proof of claim which corresponds to the claim. Fed. R. Bankr. P. 3001(e)(1); *accord In re Gonzalez*, 356 B.R. 907 (Bankr. S.D. Fla. 2006); *In re Relford*, 323 B.R. 669 (Bankr. S.D. Ind. 2004).[14] However, even if the Court were to require evidence of this

---

[13]It is well settled that a proof of claim may be amended freely to cure a deficiency. *See In re Shank*, 315 B.R. at 810 (citing *In re Stoecker*, 5 F.3d 1022 (7th Cir. 1993)); *Biscayne 21 Condo. Ass'n, Inc. v. South Atlantic Fin. Corp.*, 767 F.2d 814, 819 (11th Cir. 1985).

[14]The Court recognizes that the *Gulley* Court appears to disagree with this position. Therefore, the Court does not rely on the *Gulley* decision to the extent it requires

assignment, the record shows that CR Evergreen amended its proof of claim to include a blanket assignment of Debtor's credit card account from FIA Card Services, N.A. and Bank of America, N.A. to CR Evergreen, which is evidence of an assignment that would satisfy *Gulley*. Therefore, it appears to this Court that Debtor's objections are due to be overruled; CR Evergreen's claim is due to be allowed as filed; and Debtor's Motion To Strike is due to be deemed moot.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Debtor's Objection to Claim 2 is **DENIED;**

2. Debtor's Motion to Strike is rendered **MOOT**.

Dated this the 7th day of February.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge

TOM: rdt

xc: D. Sims Crawford, Standing Chapter 13 Trustee
Robert Keller, attorney for the Debtor
Barry Friedman, attorney for CR Evergreen

---

evidence of the assignment of a claim that was transferred prior to the filing of a proof of claim in relation to said claim.